### DANIEL B. MERRICK *vs.* JOHN WORK.

If beasts doing damage are distrained, and driven to the distrainer's yard till the pound-keeper can be called, and then delivered to the latter in the highway, it is the duty of the distrainer to state his demand, and to give notices, as required in Gen. Sts. *c.* 25, §§ 27, 29, 30; and if he omits to do so, he will be liable as a trespasser *ab initio.*

TORT for the conversion of twenty-nine sheep.

At the trial in the superior court, before *Russell,* J., it appeared that the defendant found the plaintiff's sheep in his orchard, destroying his apples and crops, and his hired men, by his direction, drove them into his barnyard, and one of them went for a field-driver, who lived at a distance of half a mile, and came immediately ; and the sheep were then driven into the highway, where the field-driver received them and took them to the town pound, and afterwards sold them at auction. There was no evidence wh t'er the provisions of Gen. Sts. *c.* 25, §§ 27, 29, 30, were or

were not complied with; and the judge ruled that, under these circumstances, the defendant must be considered as a trespasser from the beginning.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*E. D. Beach,* for the defendant.

*H. Morris & C. A. Winchester,* for the plaintiff.

By the Court. The ruling was clearly right. The sheep were in fact taken *damage feasant,* and not going at large in the highway. The defendant, having failed to comply with the provisions of Gen. Sts. *c.* 25, §§ 25–30, in relation to animals distrained for doing damage on land, was a trespasser *ab initio.* The case cannot be distinguished from *Sherman* v. *Braman,* 13 Met. 407. *Exceptions overruled.*